IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, et al. ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.:  1:12-cv-00496 –CG-M |
| ) | |
| CITY OF EVERGREEN, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER APPOINTING SPECIAL MASTER**

**I.      Procedural History**

On August 20, 2012, this Court entered a Partial Consent Decree enjoining the August 28, 2012 municipal election of the City of Evergreen, Alabama and resetting that election for December 15, 2012; and further enjoined the procedures then being used by the City for determining which registered voters were eligible to cast ballots in elections of the City.

The specific circumstances warranting this action included the fact that the City had begun to enforce a municipal redistricting plan despite the lack of preclearance under Section 5 of the Voting Rights Act, 42 U.S.C. 1973c.[1]  Its pre-existing districting plan was badly mal-apportioned and in any case, as a purely practical matter, could not be implemented given time constraints at that late date.  This Order does not touch on or affect the City's continuing

---

[1] Section 5 requires that before Alabama and its political subdivisions, among other jurisdictions, can administer or enforce any change affecting voting, that change must undergo federal review, either through an administrative process before the United States Attorney General or through a declaratory judgment action before the United states District Court for the District of Columbia.  The State or political subdivision has the burden of satisfying the Attorney General or the District of Columbia Court that the proposed change is free of any racially discriminatory purpose or effect.  See, e.g., *South Carolina* v. *Katzenbach,* 383 U.S. 301 (1966).

1

obligation to develop and obtain Section 5 preclearance of a redistricting plan in a timely manner.

The August 20, 2012 Order was not limited to redistricting. The City also had implemented a new procedure for determining which registered voters were eligible to vote in the City election. The official list of registered voters for Conecuh County, in which Evergreen is situated, is based on voting precincts which, in some cases, include both incorporated areas of Evergreen and unincorporated areas of Conecuh County. As in other Alabama cities, in Evergreen the past procedure has been to include all Conecuh County registered voters whose registration reflects an addresses within the city limits: such persons comprise the list of eligible voters for municipal elections. For 2012, the City adopted a new procedure. As described in the Complaint in this action,

> 39. Defendants have instituted as separate procedure for the August 28, 2012 election. Defendants have prepared a voter list based on the intersection between the list of city utility customers and the list of registered voters. Persons who are registered to vote in Conecuh County are deemed eligible to vote in city elections if and only if their names appear on the list of city utility customers.
> 
> 40. Some registered voters whose names do not appear on the list of utility customers have been placed on a separate list of "Problem Voters." Voters on that list are to be required to prove their residence within the city before the election or at the polls on Election Day. Other registered voters known to reside within Evergreen have been left off the voter list entirely. It also is possible under Defendants' new system that individuals who own rental or other property within the city limits but who themselves live outside the city limits will be allowed to vote under this system even though they are not eligible.

> 41. The Problem Voters list affects an extraordinary number of voters. The Problem Voters list for district 4 contains the names of 220 voters. District 4 has a 2010 voting age population of only 517 persons, so that over 42 percent of the entire voting age population of the district is on the problem list. Over 83 percent of the voting age population if district 4 is black.

The Defendants have not conceded these points in detail but have agreed that under the circumstances that exist, outside supervision of the December 15, 2012 election is necessary and appropriate to deal with the election administration issues. This Court agreed. Accordingly, the August 20, 2012 Order directed the parties

> on or before September 1, 2012, to obtain the assistance of an employee of the Office of the Secretary of State of Alabama or other person agreed to by the parties to supervise the conduct of a December 15, 2012 special municipal election; train officials of the City in the proper conduct of an election; and assure transparency in the creating of the list of registered voters eligible to participate in the December 15, 2012 election.

The parties have reported that they were unable to obtain the concurrence of the Secretary of State in making an employee available to assume the role and responsibilities outlined in the August 20, 2012 Order. After further inquiry and consultation, the parties have agreed upon Mr. Bert Estes as Special Master. Mr. Estes, now retired, was the Chief Clerk of the Probate Court of Montgomery County, Alabama, and is an expert in the conduct of elections in the State of Alabama.

The procedures for the appointment of a Special Master are specified in Rule 53 of the Federal Rules of Civil Procedure. The Court has the inherent power to appoint a Master to assist in administering remedial injunctive relief. "Beyond the provisions of [Fed. R. Civ. P. 53] for

appointing and making references to Masters, a Federal District Court has the 'inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Schwimmer v. United States*, 232 F.2d 855, 865 (8th Cir. 1956) (quoting *Ex parte Peterson*, 253 U.S. 300, 312-13 (1920)); *see also Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982); *United States v. Connecticut*, 931 F. Supp. 974 (D. Conn. 1996).  Rule 53(a)(1)(A) of the Federal Rules of Civil Procedure explicitly contemplates appointment of a special master when the parties agree, as they have here.  There is no dispute as to the need for a Special Master in this case.

## II.   ORDER

### A.  Appointment of Special Master

In furtherance of the injunctive orders heretofore entered in this action (ECF No. 8) and with the agreement of the parties, the Court hereby appoints Bert Estes as Special Master to supervise the December 15, 2012 special election of the City of Evergreen, train city officials of the proper election procedures, and assure transparency in the election process that complies fully with state and federal law.  The Special Master shall have no responsibility or authority with respect to the development of a municipal redistricting plan.

### B.  Limited Duties of the Special Master

The Special Master shall have the full statutory and customary authority of officials of the City of Evergreen to supervise the conduct of the December 15, 2012 special election and any subsequent run-off election that may be necessary, and the responsibility in doing so to train the City Clerk on the proper laws and procedures for conducting a municipal election so as to avoid the need for supervision of any future election, and to ensure transparency in the development of a municipal voter list and in the election process generally.  The Evergreen City

Clerk is hereby divested of such authority, but shall otherwise remain the City Clerk of the City of Evergreen with all responsibilities and duties not related to the conduct of the special election.

**Office of Special Master**

The Office of the Special Master, independent of the City of Evergreen, is hereby established.  To ensure transparency and to minimize the expenses to the City, the Office of the Special Master shall be comprised of the Special Master and, as staff, the City Clerk and a representative of the Plaintiffs, each staff member with equal access and responsibility.  The City Clerk and the representative of Plaintiffs each may designate a substitute for a particular day or a particular task upon notice to and without objection from the Special Master.  The staff promptly shall alert the Special Master and counsel for the parties of any dispute over the creation of the municipal voter list or other matter.  The staff further shall report to the Special Master and counsel for the parties at least on a weekly basis as to their progress and at least two days before any deadline set forth in the Special Master's election schedule.

C. **Schedule and Access to Records**

The Special Master shall determine and publish a detailed schedule of deadlines for the December 15, 2012 election, such schedule to follow state law standards and requirements as to the number of days before and after December 15, 2012 in which to perform an act in conducting the special election and run-off.  The Special Master and staff shall have access to all voter registration and other records related to the elections of the City of Evergreen, and shall be subject to all laws and regulations respecting the confidentiality of such records and information.

D. **Communications with Counsel**

The Special Master shall have the authority to communicate directly with agencies of the City of Evergreen subject to no prohibition on *ex parte* contacts.  The Special Master shall not

conduct *ex parte* communications with counsel representing either party, but shall have the authority to conduct consultative proceedings, independent of the Court at which counsel for both parties are present in person or by telephone, as he deems necessary.

### E.  Special Master Reports to the Court

The Special Master shall himself or by and through counsel for the parties acting jointly on the first Tuesday of every month starting in October, 2012, detail the progress that has been made on the development of a list of eligible voters, the selection of poll workers, and the satisfaction of the various deadlines on the election schedule.  The reports shall be deemed public records.  The Special Master shall have the authority to conduct any contacts, including *ex parte* communications, with the Court including, after notice to and consultation with counsel for the parties, to petition the Court for additional orders that may be necessary to the conduct of an orderly and transparent election.

### F.  Records

The Special Master and staff shall maintain complete and accurate records of all of their acts which shall be delivered to the City at the conclusion of the project.

### G.  Time

The master is hereby directed to proceed with all reasonable diligence.

### H.  Period of Appointment

The Special Master shall serve through the December 15, 2012 election and any subsequent run-off, and any election contest respecting that election.

### I. Compensation

The Special Master shall be compensated by the City of Evergreen at the rate of $100 per hour. There shall be no special compensation for any staff who are employees of the City or any other government entity. Other staff shall be compensated by the City at a rate of $20 per hour.

AGREED AND CONSENTED TO:

Dated:   September 4, 2012                              Respectfully submitted,

For Plaintiff:                                                           For Defendants:
/s/John K. Tanner                                                  /s/James H. Anderson
JOHN K. TANNER                                              JAMES H. ANDERSON [ANDE4440]
3743 Military Road, NW                                      JESSE K. ANDERSON [ANDE8821]
Washington, DC 20015                                        JACKSON, ANDERSON & PATTY, P.C.
john.k.tanner@gmail.com                                   250 Commerce Street, Suite 100
Admitted pro hac vice                                          Montgomery, AL 36104
Tel: 202-503-7696                                               jannderson@jaandp.com
                                                                             Tel: (334) 834-5311
                                                                             Fax: (334) 834-5311

/s/Armardo W. Pitters
ARMARDO W. PITTERS [8998-T64A]
P.O. Box 973
Montgomery, AL 36102
Tel: (334)265-3333
Fax: (334)365-3411
awpitters@pitterslawfirm.com

**DONE and ORDERED** this 6th day of September, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE