IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| vs. | )   CASE NO. 1:12-CV-00496-CG-KD-EC |
| | ) |
| CITY OF EVERGREEN, ALABAMA, | ) |
| et al., | ) |
| | ) |
|    Defendants. | ) |

DEFENDANTS' OBJECTION TO
AMENDED MOTION FOR A COURT-ORDERED REDISTRICTING PLAN

Come now defendants and object to plaintiffs' amended motion for imposition of a court-ordered redistricting plan ("Plaintiffs' Motion"), *doc. no. 22*, and show instead that if the Court determines that it should author an interim redistricting plan, then it must be guided by *Perry v. Perez*, 132 S. Ct. 934, 181 L. Ed. 2d 900 (2012).

*PERRY* REQUIRES THE COURT TO DEFER TO THE
LEGITIMATE REDISTRICTING CHOICES OF THE CITY OF EVERGREEN

*Perry* says the following:

1. The starting point for a court-ordered interim redistricting plan is the jurisdiction's proposed plan. *Perry,* 132 S. Ct. at 941 ("the [jurisdiction's] plan

226342.1

serves as a starting point"). Basing a court-ordered plan on the jurisdiction's plan "ensure[s] that the district court appropriately confines itself to drawing interim maps that comply with the Constitution and the Voting Rights Act, without displacing [the jurisdiction's] legitimate ... policy judgments with the court's own preferences." *Id.* This is so even if, as in this case, the jurisdiction's plan has not been precleared. *Id.* (the fact that a plan has not been precleared does not mean it is "of no account" or "can be disregarded by a district court drawing an interim plan"). Consequently, the plan adopted by the Evergreen City Council must be the starting point for any interim plan imposed by this Court.

2.  Elements of jurisdiction's plan that are alleged to violate § 2 of the Voting Rights Act cannot be excluded from the interim plan merely because such an allegation has been made. Before such elements can be excluded from an interim plan, plaintiffs must demonstrate, as they would have to if they were seeking a preliminary injunction, that they are more likely than not to succeed on their § 2 allegations. *Perry,* 132 S. Ct. at 942 ("Plaintiffs seeking a preliminary injunction of a statute must normally demonstrate that they are likely to succeed on the merits of their challenge;" "plaintiffs seeking to defeat the politics behind a [jurisdiction's] redistricting legislation should ... also have to meet that standard"). Plaintiffs' § 2 allegations focus on District 1 and District 5. *Plaintiffs' Motion, doc.*

no. 23 at 6 ("Overpopulated District 5, moreover, is adjacent to the plan's most under-populated district, District 1.  A transfer of the excess black population in district 5 to district 1 would have undermined or eliminated the white voter registration majority in district 1.")(citation omitted).

3. Likewise, a court may not ignore a jurisdiction's proposed plan because plaintiffs allege that it violates § 5. A court cannot presume either that a plan will be precleared or that it will not. *Perry,* 132 S. Ct. at 942. ("The court should presume neither that a [jurisdiction's] effort to preclear its plan will succeed nor that it will fail."). The jurisdiction's plan must be the court's guide, except to the extent plaintiffs demonstrate "not insubstantial" reasons for believing that there is a "reasonable probability" that a plan will not be precleared. *Id.*[1]  Plaintiffs' § 5 allegations focus on Districts 1 and 5. *Plaintiffs' Motion, doc. no. 23 at 6.*

---

[1]  To show that plaintiffs'  § 5 allegations  are not insubstantial, plaintiffs rely on adverse preclearance determinations by Attorney Generals for submissions from  Alabama and South Carolina in the early and mid-1980s, *doc. no. 23-1, pp. 57, 59, and 83,* and early 1990s, *doc. no. 23-1, pp. 62, 65, 68, 71, and 80.* These determinations from 30 to 20 years ago are not binding precedent, and it is speculative to assume that they are reliable predictors of what will happen when the City of Evergreen renews its § 5 submission. The Attorney General's decisions are *ex parte* determinations, which may consider information reported to the Civil Rights Division by persons with political axes to grind and who are not under oath,  and to which a jurisdiction may not be allowed to make a response.  In addition, over the past 30 years, the statutory and case law governing § 5 has

4. Changes imposed by a court on a jurisdiction's plan must be proportional. Where shifts in population have been relatively small, "a court may need to make only minor or obvious adjustments to the [jurisdiction's] existing districts in order to devise an interim plan." *Perry*, 132 S. Ct. at 940-41. Between the 2000 Census and the 2010 Census, Evergreen's total population increased by only 314 persons, from 3,630 to 3,944. *Doc. 23-1, p. 27 (2000 total population) and p. 3 (2010 total population).* This is a relatively small change of only 8.65%.

### AN INTERIM PLAN, SHOULD ONE BE REQUIRED, MUST INCORPORATE AS MUCH OF THE CITY OF EVERGREEN'S PLAN AS IS POSSIBLE

Plaintiffs have asked the Court to impose an interim redistricting plan developed by them without regard to the City of Evergreen's plan. *Doc. no. 23, p. 18 (suggesting that entry of the plaintiffs' plan will fulfill the Court's asserted*

---

changed, as have the Attorney Generals themselves and the administrations they serve. And finally, the Supreme Court itself has questioned more than once whether § 5 is constitutional. *Northwest Austin Municipal Utility Dist. No. 1 v. Holder*, 557 U.S. 193, 211 (2009) ("Whether conditions continue to justify such legislation is a difficult constitutional question we do not answer today."); *Shelby Co. Ala. v. Holder*, 133 S. Ct. 594, 184 L. Ed. 2d 389 (Nov. 9, 2012)(grant cert. on the question of "Whether Congress' decision in 2006 to reauthorize *Section 5 of the Voting Rights Act* under the pre-existing coverage formula of *Section 4(b) of the Voting Rights Act* exceeded its authority under the *Fourteenth* and *Fifteenth Amendments* and thus violated the *Tenth Amendment* and Article IV of the United States Constitution."). The *Shelby Co.* case is set for oral argument February 27, 2013.

obligation to order a "new, legally enforceable districting plan"); see also doc. no. 23-1, pp. 2-10 (plaintiffs' proposed plan). *Perry* makes it clear that this is not an option, and that if the Court determines that it is appropriate to impose an interim plan, that plan must be guided by the redistricting choices made by the City of Evergreen. *Doc. no. 23-1, pp. 18-23 (the City of Evergreen's plan).* In particular, plaintiffs have not seriously contested Districts 2, 3, and 4 of the City's plan, and it would be error for the Court to change these districts. *Perry,* 132 S. Ct. at 943 ("The District Court was thus correct to take guidance from the [jurisdiction's] plan for drawing the interim map in those regions. But the court then altered those districts to achieve *de minimis* population variations – even though there was no claim that the population variations in those districts were unlawful."). Thus, in creating a Court-ordered interim plan, a proportional change would be to require a slight realignment of population between District 1 – which is underpopulated by 25 persons – to District 5 – which is overpopulated by 50. *Doc. no. 32-1, pp. 21 (statistics for District 1) and 22 (statistics for District 5).*

Respectfully submitted this 24th day of January 2013.

*s/Dorman Walker*
One of counsel for defendants

OF COUNSEL:

Dorman Walker (ASB-9154-R81J)

dwalker@balch.com

Balch & Bingham LLP

Post Office Box 78

Montgomery, AL  36101

334/269-3138

334/269-3115 (fax)

James H. Anderson

janderson@JAandP.com

Jesse Kirk Anderson

jkanderson@JAandP.com

Jackson, Anderson & Patty, P.C.

Post Office Box 1988

Montgomery, AL  36102

334/834-5311

334/834-5362 (fax)

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served by United States Mail, properly addressed, and postage prepaid, to the following:

A. Wesley Pitters
Post Office Box 1973
Montgomery, AL  36102

John K. Tanner
3743 Military Road, NW
Washington, DC  20015

This the 24th day of January, 2013.

*s/Dorman Walker*
Of Counsel