IN THE UNITED STATES DISTRICT COURT
FOR THESOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN ALLEN, BOBBY WATKINS and ALBERTA LEE | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case Nos.: 1:12-cv-00496—CG-KD-EC |
| CITY OF EVERGREEN, ALABAMA; PETE WOLFF, III, Mayor of the City of Evergreen, Alabama; LUTHER UPTON, DIANE SKIPPER, JOHN SKINNER, JR., VIVIAN FOUNTAIN, and MAXINE HARRIS Council Members of the City of Evergreen, Alabama; BECKY B. ROBINSON, City Clerk for the City of Evergreen, Alabama | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**RENEWED MOTION FOR ENTRY OF COURT-ORDERED REDISTRICTING PLAN AND SPECIAL ELECTION SCHEDULE**

On December 12, 2012, plaintiffs moved for entry of a court-ordered redistricting plan for the defendant City of Evergreen, the defendants' 2001 and 2012 plans being legally unenforceable. This Court subsequently invited the parties to continue attempts to reach a settlement on a mutually agreeable redistricting plan for elections of the Evergreen City Council. In light of the lack of success of those efforts and the failure of defendants to meet to offer proposals within the agreed-upon framework, plaintiffs now respectfully renew their motion for a court-ordered redistricting plan. While plaintiffs continue to support the plan proposed in their December 12 Motion, Doc. 23-1, plaintiffs here offer as their primary choice a new redistricting plan that more clearly uses defendants' 2012 plan as a starting point. Plaintiffs also seek a special election to be held eight weeks (56 days) after the first Tuesday following the Court's

1

entry of the court's plan. The basis for this Motion is set forth in the accompanying Brief of Points and Authorities in Support of Renewed Motion for Entry of Court-Ordered Redistricting Plan and Election Schedule.

Plaintiffs have contacted counsel for Defendants and they do not agree to entry of Plaintiffs' proposed redistricting plan and election schedule.  This Motion is accompanied by applicants' Brief in support of the motion and by a proposed Order.

WHEREFORE, Plaintiffs respectfully move the adoption by the Court of the redistricting plan attached to the Proposed Order as Exhibit 1.

Dated:  February 26, 2013

Respectfully submitted,

>*/s/John K. Tanner*
> JOHN K. TANNER
> 3743 Military Road, NW
> Washington, DC 20015
> john.k.tanner@gmail.com
> Admitted pro hac vice
> Tel: 202-503-7696
>
> */s/Armardo W. Pitters*
> ARMARDO W. PITTERS [8998-T64A]
> P.O. Box 973
> Montgomery, AL 36102
> Tel: (334)265-3333
> Fax: (334)365-3411
> awpitters@pitterslawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN ALLEN, BOBBY WATKINS and ALBERTA LEE | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case Nos.: 1:12-cv-00496—CG-KD-EC |
| CITY OF EVERGREEN, ALABAMA; PETE WOLFF, III, Mayor of the City of Evergreen, Alabama; LUTHER UPTON, DIANE SKIPPER, JOHN SKINNER, JR., VIVIAN FOUNTAIN, and MAXINE HARRIS Council Members of the City of Evergreen, Alabama; BECKY B. ROBINSON, City Clerk for the City of Evergreen, Alabama | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**BRIEF OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR COURT-ORDERED REDISTRICTING PLAN AND ELECTION SCHEDULE**

Plaintiffs respectfully renew their motion for entry of a plan of single-member districts for elections of the City Council of the defendant City of Evergreen.  In doing so, plaintiffs propose and attach as Exhibit 1 a new alternative plan that more clearly meets defendants' lone substantive objection to plaintiffs initial proposal. Doc. 23-1, Attachment A, that plaintiffs' initial proposal departed too greatly from the contours of defendants' unprecleared 2012 plan. Plaintiffs submitted their proposed plan to defendants on February 5, 2013.  Plaintiffs further move that this Court order a special election to be held eight weeks (56 days) after the first Tuesday following the Court's entry of an order for the redistricting plan.

1

## PROCEDURAL HISTORY

The procedural details of this case through December 12, 2012 are detailed in plaintiffs original Motion for Entry of Court-Ordered Redistricting Plan ("original Motion"). Doc. 20. Briefly, plaintiffs brought suit on August 6, 2012 pursuant to sections 2 and 5 of the Voting Rights Act, 42 U.S.C §§1973 and 1973c, and 14th and 15th Amendments challenging (1) the districting plan for elections of the Evergreen, Alabama, city council in use since 2001 (2) defendants' proposed 2012 redistricting plan and (3) a newly-adopted system of determining voter eligibility and for preparing of the list of eligible voters for city elections. Id.

As of December 12, 2012, these issues had been substantially resolved: defendants had conceded that neither the 2001 and 2012 redistricting plans nor the changed system for determining voter eligibility can be used. Doc. 7 at 5-8. The parties further agreed on the need for a prompt special election once a new redistricting plan is in place. Id., Doc. 17. Plaintiffs had proposed a number of settlement plans to defendants prior to December 12, 2012, but defendants had rejected each without the sort of substantive explanation that would help plaintiffs adjust the proposals to promote settlement. Instead, defendants had reverted to seeking entry of their 2012 plan that the Court had enjoined earlier, and that defendant had agreed could not be used. Doc. 17.

It was at this point that Plaintiffs filed their initial Motion for Entry of Court-Ordered Redistricting Plan. Doc. 20. Defendants did not dispute the facts and evidence offered by plaintiffs nor did they seriously challenge plaintiffs' statement of the law. In terms of substance, defendants simply urged that plaintiffs' proposal was differed too much from defendants' unprecleared plan, i.e., that it did not use defendants' plan as starting point. Doc. 30 at 4-5. Following a January 28, 2013 hearing of the three-judge court and its order pursuant to section 5

of the Voting Rights Act, Doc. 32, the parties again approached settlement. Specifically, the parties agreed that defendants should meet on February 20, 2013, "for the purpose of developing a new redistricting plan that meets requirements of Sections 2 and 5 of the Voting Rights Act, including three districts in which the total black population is in the vicinity of 65%." Doc. 33 at 2. The parties noted that "[p]rior to this meeting the plaintiffs shared an additional proposed settlement plan that, consistent with the parties' representation to the Court, provided for three compact districts in which the total black population is in the vicinity of 65%." Doc. 35 at 1-2. That plan is attached as Exhibit 1.

Plaintiffs subsequently learned to their surprise and dismay that a quorum of the council was not present: only two of the five members of the Evergreen City Council, attended the February 20, 2013 redistricting session. Doc 35, p. 2. (In Evergreen, the mayor is a voting member of the city council. Ala. Code §11-43-3. A majority of the council constitutes a quorum. Ala. Code §11-43-48.) Considering the plan unhelpful and a step backwards from the progress the parties had made,[1] plaintiffs rejected the two council members' plan. Doc. 35.

In response to plaintiffs continuing settlement efforts, defendants suggested and plaintiffs agreed to settlement meetings of the Evergreen City Council with representatives on February 23 and February 24, 2013.[2] Doc. 35 at 2. Events proved, however, that defendants were not available and no such meetings took place.

---

[1] The February 20 plan is attached Exhibit 2. Plaintiffs consider that the plan did not contain the promised third district "in which the total black population is in the vicinity of 65 percent black"; that it radically realigned districts 1 and 5 into oddly shaped contortions; that it divided the core of both districts and split neighborhoods in a manner likely to create problems in the assignment of voters to the individual districts; and that it was certain to confuse individual voters and candidates trying to sort out who lived in which district. Exhibit 2.

[2] Plaintiffs also agreed to meet on February 22 and, when defendants proved unavailable, on February 26, 2013. When defendants advised they were unavailable on the 26th, the parties agreed to the February 23 and 24 meetings.

3

## STATEMENT OF FACTS

The essential facts of this case are set forth in plaintiffs' Brief Of Points And Authorities In Support Of Motion For Court-Ordered Redistricting Plan ("Brief").  Doc. 23.  Those facts have not been disputed, and we incorporate them by reference here. Those facts show that:

1. According to the 2010 census black persons comprised a 62.4 percent black majority of the population of Evergreen, and that the Evergreen population was concentrated on racial lines so that a plan of five single-member districts could contain three compact and contiguous districts with black majorities of 65 percent.  See also Doc 33 at 2 and doc. 35 at 2-3.  In both the 2001 redistricting plan and the 2012 proposed plan, three of the city's five council districts had effective white majorities.  This result was achieved by packing black population into two districts (4 and 5, both over 86 percent black); by fragmenting the remainder of the black population concentration among districts 1, 2 and 3; and by overpopulating 86.5 percent black district 5 by more than five percent over the ideal district population.

2. Voting in Evergreen is racially polarized so that white candidates win within districts and precincts with a white voter registration majority and .black candidates win within districts with black voter registration majorities.

3. Black citizens have experienced a long history of racial discrimination in voting in Evergreen, as in Conecuh County and Alabama generally, and that history continues to the present in a string of actions taken by defendants.

4. Black citizens of Evergreen continue to bear the effects of discrimination in such areas as housing, education, employment and income, which hinder their ability to participate effectively in the political process.

5. Evergreen and Conecuh County share in the long history of racial discrimination in voting in Alabama. Notably, black voters have suffered severe mistreatment at the polls in Evergreen and harassment has continued through the most recent municipal election; and the city and county have a clear pattern of moving forcefully to thwart each prospective gain for minority voters. The black community has had to go to court before to obtain fair election systems and, indeed, the instant action involves undisputed violations of the Voting Rights Act.

6. The history of discrimination in voting continues to the present day and is reflected in a string of actions taken by defendants in substantive and procedural departure from factors normally considered important by decision-makers. Most recently, defendants excluded the black community from meaningful participation in the adoption of 2012 redistricting and new voter qualification procedure and enforced both changes in violation of the Voting Rights Act.

7. Defendants have refused and continue to refuse to provide to the Department of Justice any of the evidence that would establish an absence of a racially discriminatory purpose in the adoption of their 2012 redistricting plan.

Defendants still have not filed an Answer to the Complaint in this action or to dispute any fact.

## PLAINTIFFS' PROPOSED REDISTRICTING PLAN

A copy of the plaintiffs' proposed redistricting plan is attached as Exhibit 1. The plan uses defendants' unprecleared 2012 plan as a starting point as requested by defendants in the Objections, Doc. 30, and makes adjustments only to districts 1, 2 and 5: districts 4 and 5 are

undisturbed.[3]  Compare Doc. 20 at 17.  The plan provides for five compact and contiguous districts, including a third district "in which the total black population is in the vicinity of 65%." The plan places each incumbent council member in a separate district that includes the core of the 2001 district from which she or he was elected (as well as the core of defendants' 2012 proposed districts.)  The plan has a population deviation of only 2.66 percent.  Under the plan, districts 4 and 5 retain large black majorities and district 1 as a black population of 64.29 percent.  Districts 2 and 3 have large white majorities.  The plan thus amply accommodates the only interest articulated by the defendants (see Doc. 30), as well as traditional redistricting criteria and the "in the vicinity of 65 percent" standard agreed upon by the parties.  Doc. 33.

## ARGUMENT

**Redistricting Plan**

It now has become the "unwelcome obligation" of this Court to order into effect a districting plan that comports with the laws and Constitution of the United States. *Connor v. Finch*, 431 U.S. 407, 415 (1977).

Plaintiffs' original Motion and supporting Brief sets forth the legal standard for adoption of a court-ordered redistricting plan under the circumstances of this case we need not repeat them here.  That legal standard is substantially unchallenged.  To the extent defendants' objections to the plan in the original Motion, Doc. 23-1, Attachment A have any force, see Doc. 31, those objections are addressed in plaintiffs' current proposal.  The undisputed facts show that defendant's uncleared 2012 plan is unlikely ever to receive preclearance; indeed it will never

---

[3]  Plaintiffs by no means concede that their initial proposal did not use defendants' plan as a starting point or that it would be at all inappropriate for this Court to order that earlier plan into effect.  Plaintiffs rather seek, as they have throughout this case, to accommodate every concern of defendants that can be met consistent with federal law.  The only plan any of the defendants has made available to plaintiffs (that submitted by two members of the city council on February 20, 2013 (Exhibit 1).  Plaintiffs cannot discern useful guidance from that plan.

6

receive preclearance given (1) defendants' continuing failure to make any response to the Justice Department's request for information and (2) the steadily increasing number of racially fair alternative plans rejected by defendants. The undisputed facts also demonstrate a likelihood of success on plaintiffs' claim that the 2001 and 2012 plans violate section 2 of the Voting Rights Act. The plan proposed by plaintiffs meets all applicable standards.[4]

**Special Election**

As set forth above, plaintiffs filed this action on August 6, 2012, and the ensuing six months have been remarkable for the inactivity on the part of defendants in either explaining and supporting their 2012 plan, or seeking an alternative plan. Defendants have not responded to the Justice Department request for information. Defendants have not adopted a new plan. Defendants have not attended settlement meetings with plaintiffs although defendants themselves have suggested the times and place of such meetings. Meanwhile, defendants remain in office beyond the terms provided under the Alabama Code and enjoy the fruits of their violation of federal law.

The parties previously have agreed on the need for a prompt special election, Doc.7 at 8, and to certain adjustments in the candidate qualifying deadlines, Doc. 17 at 4-5, and advancing the date on which new officials will take office. Id. at 5. ("Second, and because the Evergreen mayor and city council members are serving in office beyond their statutory terms of office, the parties have agreed that new officials should take office immediately upon certification by the

---

[4] The population deviations in the plan proposed in plaintiffs' Renewed Motion are somewhat higher (21 persons) than in the plan accompanying plaintiffs original Motion (3 persons). The instant plan is well within acceptable one-person, one-vote standards, and it adheres more closely to the plans adopted by defendants in 2001 and 2012districts. *Perry v. Perez*, 132 S. Ct. at 944, n. 2 ("This Court has stated that court-drawn maps are held to a higher standard of acceptable population variation than legislatively enacted maps. But this Court has also explained that those "stricter standard[s]" are not triggered where a district court incorporates unchallenged portions of a State's map into an interim map." (citations omitted)).

7

Special Master that they have received a majority of the votes, either in the primary or the run-off election.")  A period of eight weeks (56 days) after the new districts are ordered into effect will be ample in which to conduct an election.  The city voter list is well in hand, Doc. 33, and the parties previously have agreed to and the Court has ordered a schedule under which candidate qualifying was delayed so as to open 49 days prior to the election.  Id. at 4-5.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue the accompanying Order implementing plaintiffs' proposed redistricting plan and setting a date for a special election, such date to occur eight weeks (56 days) after the first Tuesday following the Court's Order adopting the new plan.

Dated:  February 26, 2013

Respectfully submitted,

/s/*John K. Tanner*
JOHN K. TANNER
3743 Military Road, NW
Washington, DC 20015
john.k.tanner@gmail.com
Admitted pro hac vice
Tel: 202-503-7696

/s/*Armardo W. Pitters*
ARMARDO W. PITTERS [8998-T64A]
P.O. Box 973
Montgomery, AL 36102
Tel: (334)265-3333
Fax: (334)365-3411
awpitters@pitterslawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THESOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, BOBBY WATKINS and ALBERTA LEE )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CITY OF EVERGREEN, ALABAMA; )<br>PETE WOLFF, III, Mayor of the City of )<br>Evergreen, Alabama; LUTHER UPTON, )<br>DIANE SKIPPER, JOHN SKINNER, JR., )<br>VIVIAN FOUNTAIN, and MAXINE )<br>HARRIS Council Members of the City )<br>of Evergreen, Alabama; BECKY B. )<br>ROBINSON, City Clerk for the City of )<br>Evergreen, Alabama )<br>)<br>Defendants. ) | Case Nos.: 1:12-cv-00496—CG-KD-EC |

**PROPOSED ORDER**

This action commenced on August 6, 2012 based on plaintiffs' challenges to the single members used for elections of the City of Evergreen and to a newly-adopted system for determining which registered voters were eligible to vote in the August 26, 2012 election. Plaintiff brought these claims under sections 2 and 5 of the Voting rights Act, 42 U.S.C §§1973 and 1973c and the 14th and 15th amendments.

This Court enjoined the August 26. 2012 regular election for the City of Evergreen due, *inter alia*, to the failure of the defendants to obtain preclearance under section 5 of the Voting Rights Act, of the 2012 redistricting plan for city council districts adopted by the City of Evergreen on May 15, 2012. Doc. 8, Doc. 32.

1

Plaintiffs filed their initial Motion for Entry of a Court-Ordered Plan on December 12, 2012.  The Court has given the parties an opportunity to discuss settlement, but to no effect.  On February 25, 2013, plaintiffs renewed their Motion, Doc. ___, this time proposing an adjusted proposed redistricting plan and including a request that this Court schedule a prompt special election.  The parties previously have conceded that a prompt special election is necessary and appropriate.  Doc. 24 at 5 (adjusting candidate filing schedule and expediting the seating of newly-elected officials).

In the absence of settlement or preclearance of defendants' proposed plan, it now has become the "unwelcome obligation" of this Court to order into effect a districting plan that comports with the laws and Constitution of the United States.  *Connor v. Finch*, 431 U.S. 407, 415 (1977).

The facts presented in plaintiffs' Renewed Motion of the Plaintiffs for Entry of a Court-Ordered Redistricting Plan and Election Schedule and the Brief of Points and Authorities in support thereof, Doc.___, and its initial Memorandum of Points and Motion for Entry of Court-Ordered Redistricting Plan, Doc. 23, establish, at a minimum, that the likelihood of defendants' 2012 redistricting plan will not satisfy section 5 preclearance standards are "not insubstantial." *Perry v. Perez,* 132 S.Ct. 934, 942 (2012).  Doc. 23, Doc. __.   While over 62 percent of Evergreen's population is black and the black population of the city is concentrated so that three compact and contiguous districts with substantial black majorities easily can be drawn, defendants' proposed plan would retain three districts with white voter registration majorities by over-concentrating ("packing") the bulk of the black population in two districts (4 and 5) with black majorities in excess of 86 percent. The remainder of the black concentration is scattered among districts 1, 2 and 3, all with white voting majorities.  Plaintiffs' evidence of the presence

of indicia of discrimination outlined in *Village of Arlington Heights* v. *Metropolitan Housing Development Corp.,* 429 U.S. 252, 266-68 (1977) is un-rebutted or explained by the defendants. Indeed, defendants have taken no action to obtain section 5 preclearance since at least August 10, 2012.  Id.

The plans submitted by plaintiffs in both their initial Motion and in the Renewed Motion both satisfy all of the requirements of federal law.  Both plans provide for five compact and contiguous single-member districts. Both provide both black and white citizens of Evergreen an equal opportunity to elect candidates of their choice.  The plan submitted with plaintiffs' original Motion has minimal population deviations, as the districts vary in population by only three persons.  The population deviations in the plan proposed in plaintiffs' Renewed Motion has deviations that are somewhat higher (21 persons, plus or minus 2.66%), but that deviation is well within acceptable one-person, one-vote standards.

The Court deems the latter plan preferable because it adheres more closely to the plans adopted by defendants in 2001 and 2012districts.  *Perry v. Perez*, 132 S. Ct. at 944, n. 2 ("This Court has stated that court-drawn maps are held to a higher standard of acceptable population variation than legislatively enacted maps. But this Court has also explained that those "stricter standard[s]" are not triggered where a district court incorporates unchallenged portions of a State's map into an interim map." (Citations omitted)).  Indeed, the plan does not alter two districts (3 and 4) drawn by defendants in 2012.  On balance, therefore, the plan in plaintiffs' Renewed Motion is to be preferred because it better follows the Supreme Court's guidance in *Perry v. Perez*.

The citizens of Evergreen have waited six months beyond the statutory date to vote for their city officials.  The parties previously have agreed to a prompt special election on terms consistent with this Order, and no further delay is warranted.

3

Accordingly, plaintiffs' Renewed Motion of the Plaintiffs for Entry of a Court-Ordered Redistricting Plan and Election Schedule, the Motion is hereby GRANTED.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendants are ENJOINED to utilize as the plan for the districts used to elect members of the Evergreen City Council the plan attached hereto as Exhibit 1;

2. Defendants are ENJOINED to conduct a special election for the mayor and city council eight weeks (56 days) following the first Tuesday after the dates of this Order; and

3. Defendants are ENJOINED to adhere to state law with the additional requirements that:

    (a) Plaintiffs and Defendants each may submit to the Special Master a list of persons eligible to serve as poll officials for the new election; and.

    (b) Any candidate who is certified by the Special Master as having received a majority of the votes in the primary election shall be sworn in and take office immediately upon such certification; and any candidate who is certified by the Special Master as having received a majority of the votes in the primary election shall be sworn in and take office immediately upon such certification by the Special Master.

DONE and ORDERED this the ___ day of March, 2013.

                                                                     _____
                                                                     UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of February, 2013, I served a copy of the Renewed Motion For Entry Of Court-Ordered Redistricting Plan and Election Schedule, the Brief Of Points And Authorities In Support thereof and the accompanying Proposed Order to counsel for the parties by email and and transmitted these documents to the Clerk for filing in the Federal Court ECF system.

                                            /s/John K. Tanner
                                            JOHN K. TANNER