IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAN ALLEN, et al.,                  )
                                    )
        Plaintiffs,                 )
                                    )
vs.                                 )     CIVIL ACTION NO. 13-107-CG-M
                                    )
THE CITY OF EVERGREEN,              )
ALABAMA, et al.,                    )
                                    )
        Defendants.                 )

## ORDER

This matter is before the Court on the plaintiffs' renewed motion for entry of

a court-ordered redistricting plan and special election schedule (Doc. 36),

defendants' responses thereto (Docs. 42, 43) and plaintiffs' reply (Doc. 44).

This action began on August 6, 2012, based on Plaintiffs' challenges to the

single member districts used for elections of the City of Evergreen and to a newly

adopted system for determining which registered voters were eligible to vote in the

August 26, 2012, election.[1]  Plaintiffs brought these claims under sections 2 and 5 of

the Voting Rights Act, 42 U.S.C §§1973 and 1973c and the 14th and 15th

Amendments to the United States Constituion.  The three-judge panel enjoined the

regular election for the City of Evergreen, due, inter alia, to the failure of the

defendants to obtain preclearance, under section 5 of the Voting Rights Act, of the

---

[1] The original action was divided into two actions, with the original case, 1:12-cv-
00496-CG-KD-EC, being heard and determined by a three-judge court pursuant to
28 U.S.C. § 2284. (Doc. 37).

2012 redistricting plan for city council districts adopted by the City of Evergreen on May 15, 2012. (Doc. 32).

Plaintiffs filed their initial motion for entry of court-ordered plan on December 12, 2012. (Docs. 20-23).  The Court has given the parties an opportunity to discuss settlement, but the parties have not been able to come to terms. Plaintiffs have now renewed their motion, this time proposing an adjusted redistricting plan and including a request that this Court schedule a prompt special election.  The parties previously conceded that a prompt special election is necessary and appropriate. (Doc. 24, ¶ 5).

Since the parties have been unable to settle and defendants have not obtained preclearance of their proposed plan, it now has become the "unwelcome obligation" of this Court to order into effect a redistricting plan that comports with the laws and Constitution of the United States. See Connor v. Finch, 431 U.S. 407, 415 (1917).

The facts presented in plaintiffs' initial motion and renewed motions and briefs establish that the likelihood that Defendants' 2012 redistricting plan will not satisfy Section 5 preclearance standards are "not insubstantial." See Perry v. Perez, 132 S.Ct. 934, 942 (2012).  While over sixty-two percent (62%) of the City of Evergreen's population is black, and that black population of the city is concentrated so that three compact and contiguous districts with substantial black

2

majorities easily can be drawn, the defendants' proposed plan would retain three districts with white voter registration majorities by over-concentrating ("packing") the bulk of the black population in two districts (4 and 5) that have black population majorities in excess of eighty-six percent (86%).  The remainder of the black population concentration is scattered among districts 1, 2 and 3, all with white voting population majorities.  Plaintiffs' evidence of the presence of indicia of discrimination, as outlined in <u>Village of Arlington Heights v. Metropolitan Housing Development Corp</u>, 429 U.S. 252, 266-68 (1977), is neither rebutted nor distinguished by the defendants.  Indeed, the defendants, in their responses to the current motion, have not objected to the above factual conclusions.

The plan submitted by Plaintiffs in their renewed motion satisfies all of the requirements of federal law.  The City of Evergreen has acknowledged that the proposed plan meets the standards for a court-imposed interim redistricting plan. (Doc. 42).  The plan provides for five compact and contiguous single-member districts and provides both the black citizens and the white citizens of Evergreen an equal opportunity to elect candidates of their choice.  The population deviations in the districts proposed by the current plan are well within acceptable one-person, one-vote standards.

The Court deems the plan proposed in the renewed motion preferable to Plaintiffs' prior proposed plan because it adheres more closely to the districts in the

3

plans adopted by the defendants in 2001 and 2012. <u>Perry v. Perez</u>, 132 S.Ct. at 943, n.2 ("This Court has stated that court-drawn maps are held to a higher standard of acceptable population variation than legislatively enacted maps.  But this Court has also explained that those 'stricter standard[s]' are not triggered where a district court incorporates unchallenged portions of a State's map into an interim map." citations omitted).  Indeed, the plan does not alter two of the districts (3 and 4) drawn by Defendants in 2012.  Therefore, the plan proposed by the plaintiffs' renewed motion is preferable because it better follows the Supreme Court's guidance in <u>Perry v. Perez</u> than did the original proposed plan.

The citizens of Evergreen have waited many months beyond the statutory date to vote for their city officials.  The parties previously have agreed to a prompt special election on terms consistent with this Order and no further delay is warranted.

Accordingly, Plaintiffs' renewed motion for entry of a court-ordered redistricting plan and election schedule (Doc. 36) is hereby **GRANTED**.

It is hereby **ORDERED, ADJUDGED** and **DECREE**D that:

1.      Defendants are **ENJOINED** to utilize as the plan for the districts used to elect members of the Evergreen City Council the plan attached to their motion (Doc. 36) as Exhibit 1;

2.      Defendant are **ENJOINED** to conduct a special election for the mayor and city council eight weeks (56 days) following the first Tuesday after the date of this Order.  If a problem with this deadline should arise, the Special Master shall have authority to make such adjustments as are necessary to ensure the orderly conduct of an election.  Any additional dates and deadlines that need adjustment consequent to such alteration shall be determined by the Special Master after notice to and opportunity to comment by counsel for the parties as the Special Master deems to be in the best interests of the voters and the conduct of an orderly election; and

4.      Defendants are **ENJOINED** to adhere to state law with the additional requirements that:

> (a) Plaintiffs and Defendants may each submit to the Special Master a list of persons eligible to serve as poll officials for the new election; and

> (b) Any candidate who is certified by the Special Master as having received a majority of the votes in the primary election shall be sworn in and take office immediately upon such certification; and any candidate who is certified by the Special Master as having received a majority of the votes in any run-off

election shall be sworn in and take office immediately upon such

certification by the Special Master.

**DONE and ORDERED** this 20th day of March, 2013.


/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE