IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, BOBBY WATKINS and ALBERTA LEE )<br><br>Plaintiffs, )<br><br>vs. )<br><br>CITY OF EVERGREEN, ALABAMA; PETE WOLFF, III, Mayor of the City of Evergreen, Alabama; LUTHER UPTON, DIANE SKIPPER, JOHN SKINNER, JR., VIVIAN FOUNTAIN, and MAXINE HARRIS Council Members of the City of Evergreen, Alabama; BECKY B. ROBINSON, City Clerk for the City of Evergreen, Alabama )<br><br>Defendants. ) | Case Nos.: 1:13-cv-00107—CG-M |

MOTION FOR FURTHER RELIEF
AS TO CERTAIN ABSENTEE BALLOTS

Plaintiffs hereby respectfully move for further relief in this action, specifically respecting the treatment of certain absentee ballots. As set forth herein, there is evidence of mishandling and misrepresentation with respect to the absentee ballots of six specific black voters of the City of Evergreen. Accordingly, this court should adopt procedures to ensure that such voters have an opportunity to cast ballots for candidates of their choice.

As set forth in the accompanying declarations, at least six black voters who had requested absentee ballots were subjected to irregular treatment:

1. On May 17, 2013, the city clerk mailed absentee ballots to certain applicants but failed to post, as required by Alabama law, a list of persons who had requested absentee ballots. Ex. 1.

2. On May 18, 2013, Ms. Helen Wiggins and Mr. Arthur Ingram approached at least six black voters who received their absentee ballots that day.  Id.  The attached declarations set forth that Ms. Wiggins and Mr. Ingram represented to the voters that they were working on behalf of mayoral candidate Larry Fluker, who is black, and offered to assist the voters in casting their ballots for Mr. Fluker.  Id. Ex. 2, Ex. 3.

3. Ms. Wiggins and Mr. Ingram marked the ballots in at least some instances outside the voter's vision; left the voter's house with the unmarked ballot for approximately 30 minutes in at least one instance, in at least one instance stated that they had marked the voter's ballot for Mayor Pete Wolff, who is white, contrary to their own representations and contrary to the voter's wishes.  Ex. 2, Ex. 3.  See also Ex. 4.

The affected voters include:

    1. Willie James Skipper, 232 Magnolia Heights

    2. Christine Paige, 139 Houston Lee Street

    3. Annie Thomas, 104 Morning Drive

    4. Lou Ella Hall, 687 Rural Street

    5. Walter D. Lett, 711 Rural Street, apt. 104

    6. Gus Rudolph, 711 Rural Street, apt. 115

These circumstances indicate a possible breach of the integrity of the absentee voting process in the June 18, 2013 special election, and implicate both the "compelling interest in the integrity of the election process," *Eu v. San Francisco County Democratic Central Comm.,* 489 U.S. 214, 231 (1989), and the "fundamental political right" to vote. *Dunn v. Blumstein,* 405 U.S. 330, 336 (1972). While these voters may only represent the tip of the iceberg,[1] plaintiffs seek to avoid a major disruption of the election process, and accordingly seek specific relief only as to the six named individuals who were visited on May 18, 2013. Plaintiffs specifically seek to avoid a broader application (e.g., to all absentee voters) that might lead to harassment of voters who have cast absentee ballots without problems.

Under these circumstances, plaintiffs respectfully request the following limited procedures to protect the rights of these voters:

1. Each named voter shall be advised jointly by the Special Master and/or the city clerk and plaintiffs' representative in writing and by telephone of their opportunity to cast a new ballot either by absentee ballot or at the polls on Election Day.

2. For each named voter who requests a new absentee ballot, the new ballot shall be hand-delivered to the voter jointly by the Special Master and/or the city clerk and plaintiffs' representative. Each voter may identify a person of the voters' choice to provide any necessary assistance in casting the ballot, or shall be assisted jointly by the Special Master and/or the city clerk and plaintiffs' representative.

3. In each instance in which the voter requests a new ballot, whether absentee or at the polls on Election Day, the Special Master shall place such voter's original absentee ballot and

---

[1] Plaintiffs have concern that the removal of the blank ballot of Mr. Lett for 30 minutes may have led to photocopying of the blank ballot and the prospect for associated mischief.

accompanying papers, unopened in a plastic bag or other sealed container and secure such ballots for any future inquiry or investigation by state or federal law enforcement.

4. In each instance in which a named voter casts a new ballot, the new ballot should be counted and the original ballot shall be held for law enforcement as set forth above.

5. The Special Master should consult as he deems appropriate with State of Alabama and United States enforcement officials regarding the physical handling and other issues respecting questionable absentee ballots and related materials, make a written record of each additional claim as to absentee ballot irregularities and the basis for such claim, and in consultation with counsel for the parties take such action as is necessary to protect the integrity of the election process.

WHEREFORE, Plaintiffs respectfully move the adoption by the Court of the attached proposed Order.

Dated:  June 7, 2013

Respectfully submitted,

/s/John K. Tanner
JOHN K. TANNER
3743 Military Road, NW
Washington, DC 20015
john.k.tanner@gmail.com
Admitted pro hac vice
Tel: 202-503-7696

/s/Armardo W. Pitters
ARMARDO W. PITTERS [8998-T64A]
P.O. Box 973
Montgomery, AL 36102
Tel: (334)265-3333
Fax: (334)365-3411
awpitters@pitterslawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THESOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, BOBBY WATKINS and ALBERTA LEE ) ) ) Plaintiffs, ) ) vs. ) ) CITY OF EVERGREEN, ALABAMA; ) PETE WOLFF, III, Mayor of the City of ) Evergreen, Alabama; LUTHER UPTON, ) DIANE SKIPPER, JOHN SKINNER, JR., ) VIVIAN FOUNTAIN, and MAXINE ) HARRIS Council Members of the City ) of Evergreen, Alabama; BECKY B. ) ROBINSON, City Clerk for the City of ) Evergreen, Alabama ) ) Defendants. ) | Case Nos.: 1:13-cv-00107—CG-M |

**ORDER**

This case arises under Sections 2 and 5 of the Voting Rights Act and the 14th and 15th Amendments. Plaintiffs have challenged the redistricting plan and the procedures for creating the list of eligible voters for municipal elections of the City of Evergreen, Alabama. These matters largely have been resolved by injunctions against the challenged redistricting plan and the procedures for creating the list of eligible voters, by the entry of a court-ordered redistricting plan; by the appointment of a Special Master, assisted jointly by the city clerk and a representative of plaintiffs, to oversee the conduct a special election, now scheduled for June 18, 2013. Plaintiffs now present sworn evidence as to improper treatment of six black voters who sought to cast absentee ballots, and move for further relief as to those six voters so as to ensure that they can cast substitute ballots freely and without undue influence or fraud.

1

The determination as to whether actual fraud occurred is well beyond the scope of the claims before this Court. The Court does, however, have a responsibility to take reasonable steps to ensure that an election conducted pursuant to its order and under its supervision shall be free of fraud. The limited relief sought by plaintiffs will protect the voters against any fraud or misunderstanding that may have occurred and further protect the integrity of the election process, all while avoiding disruption of the election process. Accordingly, upon consideration of plaintiffs' Motion for Further Relief as to Certain Absentee Ballots filed by plaintiff and the points and authorities in support thereof, the Court hereby **GRANTS** said motion

It is hereby **ORDERED**, ADJUDGED and DECREED that, with respect to absentee voters Willie James Skipper, 232 Magnolia Heights, Evergreen, Alabama; Christine Paige, 139 Houston Lee Street, Evergreen, Alabama; Annie Thomas, 104 Morning Drive, Evergreen, Alabama; Lou Ella Hall, 687 Rural Street, Evergreen, Alabama; Walter D. Lett, 711 Rural Street, apt. 104, Evergreen, Alabama; and Gus Rudolph, 711 Rural Street, apt. 115, Evergreen, Alabama:

1. The Special Master and/or the city clerk and plaintiffs' representative jointly shall advise each named voter in writing and by telephone of their opportunity to cast a new ballot either by absentee ballot or at the polls on Election Day.

2. For each named voter who requests a new absentee ballot, the new ballot shall be hand-delivered to the voter jointly by the Special Master and/or the city clerk and plaintiffs' representative. Each voter may identify a person of the voters' choice to provide any necessary assistance in casting the ballot, or shall be assisted jointly by the Special Master and/or the city clerk and plaintiffs' representative.

3

3. In each instance in which the voter requests a new ballot, whether absentee or at the polls on Election Day, the Special Master shall place such voter's original absentee ballot and accompanying papers, unopened in a plastic bag or other sealed container and secure such ballots for any future inquiry or investigation by state or federal law enforcement.

4. In each instance in which a named voter casts a new ballot, the new ballot shall be counted and the original ballot shall be held for law enforcement as set forth above.

5. The Special Master shall consul as he deems appropriate with State of Alabama and United States enforcement officials regarding the physical handling and other issues respecting questionable absentee ballots and related materials.

**DONE** and **ORDERED** this the ___ day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of June, 2013, I served a copy of plaintiffs' Motion for Further Relief as to Certain Absentee Ballots to counsel for the parties by email and transmitted these documents to the Clerk for filing in the Federal Court ECF system.

                                              */s/John K. Tanner*_____
                                              JOHN K. TANNER