IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN ALLEN, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 13-107-CG-M |
| | ) |
| CITY OF EVERGREEN, | ) |
| ALABAMA, | ) |
| et. al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the court on plaintiffs' motion for Further Relief as to Certain Absentee Ballots, with supporting declarations (Doc. 55), defendants' opposition thereto with the affidavit of the city clerk (Doc. 57), and plaintiffs' reply, with the attached declaration of Adam Boykin. (Doc. 58).

Plaintiffs allege that at least six black voters that requested absentee ballots were subjected to irregular treatment.  Plaintiffs state that on May 17, 2013, the city clerk failed to post a list of persons who had requested absentee ballots.  Six voters who had requested absentee ballots were allegedly approached the following day by two individuals who offered to assist them in casting their ballots.  These individuals allegedly filled out some of the ballots outside of the voters' presence and may have even cast their vote for a different candidate than the voter intended.

1

Defendants contend that the clerk posted the list of requested absentee ballots on May 16, 2013, and that all of the six named voters were included on the May 16 list. There were reportedly no changes to the list on May 17, 2013 and thus, a new list was not posted on that date. Defendants also point out that the alleged actions of the two individuals that approached the six voters has nothing to do with the defendants or the Section 5 claims that are before the court in this action.

In their reply, plaintiffs contend that the president of the Conecuh County NAACP and chairman of the NAACP's Absentee Ballot Committee for the Get-Out-The-Vote effort, Adam J. Boykin, checked the posting for absentee voters on May 17, 2013 and upon finding none, asked the clerk when she was going to start posting the absentee ballot list. The clerk reportedly responded that she did not know. Plaintiffs further assert that the special election is being held pursuant to court order under the direction and supervision of the court and that reasonable steps should be taken to protect the integrity of the election process, however, the plaintiffs cite no case law which would support the court's ability to take the action requested.

Upon review of the filings described above, the court finds that it does not have jurisdiction over the allegations that two individuals committed election offenses. There is no indication that the two individuals have any connection to any of the parties in this case. There is also no indication that the actions of the parties or the city clerk caused or encouraged the alleged misconduct or that

2

reasonable steps could have been taken that would have prevented the alleged misconduct by the two individuals.  There appears to be no dispute that the clerk has issued and posted a list of the persons who have requested absentee ballots and that the list has been provided to plaintiffs and Mr. Boykin.  Although Mr. Boykin reports that there was no list publicly posted on May 17, 2013, the evidence presented to the court indicates that there was no new list to be posted on that date and the clerk maintains that the list was timely posted on May 16, 2013.

For the reasons stated above, plaintiffs' motion for Further Relief as to Certain Absentee Ballots (Doc. 55), is **DENIED**.

**DONE and ORDERED** this 11th day of June, 2013

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE