IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN ALLEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 13-0107-CG-M |
| | ) | |
| CITY OF EVERGREEN, ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs brought this action on August 6, 2012, challenging both the current (2001) and proposed (2012) redistricting plans for the City of Evergreen's City Council under Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. 1973 and 1973c, and the 14th and 15th Amendments, based on claims of racial discrimination and mal-apportionment.  Plaintiffs also challenged the adoption by defendants of a new system for determining which registered voters were eligible to vote in City of Evergreen municipal elections.  Pursuant to joint motions of the parties, this Court (1) enjoined the August 28, 2012 election and use of both the 2012 redistricting plan and the changed system of determining voter eligibility, unless and until defendants obtained Section 5 preclearance, (2) ordered a special election, and (3) appointed a Special Master to oversee the development of an accurate list of eligible voters.  Doc. 8, Doc. 13, and Doc. 32.

1

Upon motion of the plaintiffs, Doc. 36, supported by largely undisputed evidence, the Court subsequently adopted a redistricting plan for the City of Evergreen's City Council, Doc. 45, and ordered a special municipal election, Doc. 54, which resulted in the election of a new Evergreen City Council. Doc. 66 (attachments certifying election and run-off results).

In July of last year, in *Shelby County v. Holder*, 133 S.Ct. 2612 (2013), the Supreme Court struck down the coverage formula of Section 4 of the Voting Rights Act, 42 U.S.C. 1973b, thereby removing the state of Alabama and its political subdivisions, including the City of Evergreen, from the preclearance requirements of Section 5.

The plaintiffs then filed a motion for summary judgment on their constitutional claims and a concomitant motion asking that the City of Evergreen be subject to the requirements of Sections 3(a) and 3(c) of the Voting Rights Act, 42 U.S.C. 1973a(a) and 1973a(c) through December 31, 2020. The motion was supported by government records, declarations, and other evidence.

Section 3 provides that any of the United States and their political subdivisions can be subjected to the "special provisions" of federal oversight upon a local district court's finding of one or more constitutional violations. See *Jeffers v. Clinton*, 750 F. Supp. 585 (D. Ark, 1990). Section 3's provisions have long applied equally to all states and localities, and have been imposed in numerous cases. See, *e.g.*, *United States v. City of Boston*, No. 05-11598 WGY (D. Mass. October 18, 2005)

2

(coverage under Section 3(a) for intentional race-based mistreatment of minority language voters); *Garza v. County of Los Angeles*, 918 F. 2d 763 (9th Cir. 1990) (findings of intentional discrimination against Hispanic voters in redistricting plan for its Board of Supervisors).

The parties agree that, based on the evidence of record in this case, limited coverage of voting changes under Section 3 is appropriate under the law and the facts of this case.[1] The plaintiffs' Section 3 motion specifically asks that the Court designate the City of Evergreen pursuant to Section 3(a), 42 U.S.C. 1973a(a) of the Voting Rights Act to allow the United States Attorney General to assign federal observers to monitor Evergreen municipal elections, as various Attorneys Generals have done in the past. The requested designation with respect to Section 3(c) of the Act, 42 U.S.C. 1973a(c), would restore a preclearance requirement which is limited in scope. It would allow the Court or the United States Attorney General to review two distinct types of voting changes adopted by the Evergreen City Council during the period from the date of entry of this order until December 31, 2020:

(1) any change in the redistricting plan or method of election for City Council elections, and

---

[1] In order to avoid unnecessary time and expense, as well as burdens on the Court, the parties have agreed that although any annexation by the City of Evergreen, including annexation of unpopulated commercial or industrial property, necessarily would change the boundaries of one or more council districts, such annexations will not be subject to Section 3 review so long as (a) the City consults with representatives of the plaintiffs in this action in the formulation of the boundaries of any area proposed for annexation; (b) the City can demonstrate that it has given equal consideration to annexation of parcels proposed by representatives of the plaintiffs in this action, and (c) the annexation does not lower the black population percentage in council District 1. The plaintiffs have advised the Court that Jerome Gray shall serve as plaintiffs' representative on annexations.

(2) any change in the standards for determining which voters are eligible to participate in the City of Evergreen's municipal elections.

Without preclearance by the Court or the Attorney General, such changes could not be implemented. The Court has carefully reviewed the record in this case and has determined that such tailored relief under both Section 3(a) and Section 3(c) is called for in this case.

Accordingly, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that:

1. Plaintiffs' Motion for Summary Judgment on Claims 3 and 4 of the complaint in this action is hereby **GRANTED**;

2. Plaintiffs' Motion for Relief under Section 3 of the Voting Rights Act is hereby **GRANTED** to the full extent that, for the period from the entry of this order until December 21, 2020:

   a. The appointment of federal observers to monitor elections of the City of Evergreen is hereby authorized pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. 1973a(a);

   b. No change in the method of electing the Evergreen City Council, including any change in City Council district boundaries shall be enforced or administered unless and until the City satisfies the preclearance requirements of Section 3(c) of the Voting Rights Act, 42 U.S.C. 1973a(c), provided that a boundary change caused by annexation shall not be subject to Section 3 review so long as

> (1) the City consults with the representative of the plaintiffs identified in this order or his successor in the formulation of the boundaries of any area proposed for annexation; (2) the City can demonstrate that it has given equal consideration to annexation of parcels proposed by representatives of the plaintiffs in this action, and (3) the annexation does not lower the black population percentage in council District 1; and

  c. No change in the standards for determining which registered voters are eligible to participate in the City of Evergreen's municipal elections shall be enforced or administered unless and until the City satisfies the preclearance requirements of Section 3(c) of the Voting Rights Act, 42 U.S.C. 1973a(c).

3. While this order is in effect, the plaintiffs through counsel shall identify an individual to serve without Court-ordered compensation as their representative to the Evergreen City Council on matters relating to annexations, and this person shall speak for the plaintiffs to the City Council. The plaintiffs may, as circumstances require or as they chose, change their designated representative.

4. The Court shall retain jurisdiction over this matter until December 31, 2020, for the purpose of enforcing this Order.

5. The Court has previously made an award of fees, costs, and expenses which, at the time it was entered, anticipated this order, and thus no further award is

warranted at this time.

**DONE and ORDERED** this 13th day of January, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE